## SUPREME COURT.

### JOHNSON, respondent, agt. YEOMANS, JR. appellant.

On appeal by defendant from a judgment rendered at special term to the general term, the title of the cause must not be changed ( § 326 ).

The action is not a *new* one. Although appealed it remains the same. Not to be treated like a writ of error under the old system, which required the plaintiff to file security for costs,

*Tompkins Special Term, August* 1850. The plaintiff re covered a. judgment on demurrer against defendant at special term, and the latter appealed to the general term. under § 348, without giving security, or obtaining an order to stay proceedings.

After the appeal was made, the defendant removed from the state, and the plaintiff now moves for an order obliging him to file security for costs under 2 *R. S.* 620, §. 1 and 2.

S. C. JOHNSON, *for the motion,* argued that by appealing the defendant became plaintiff, within the meaning and spirit of said sections, and should be compelled to file security for costs, as such. He cited the following cases: 5 *How. Pr. R.* 366; 1 *Code R.* 112; 7 *Term R.* 337; 4 *Den. R.* 85; 4 *Hill,* 546; 3 *How. Pr. R.* 24; 8 *J. R.* 353.

E. MORE, *Opposed.*

SHANKLAND, Justice—Held that § 326, of the Code, forbids any change of the title of the action on appeal, and that the defendant can not in any legal sense of the term be called the plaintiff, so as to compel him to file security on appeal, under the provisions of the Revised Statutes.

He also held, that the action although appealed was the same, and not a new one, and was pending in the same court. That it could not be treated as a new action, as the old action commenced by writ of error, to remove the cause from one court to another, was formerly treated (see Traver vs. Nichols, 7 *W. R.* 434, and cases there cited ). The motion was therefore denied.